█ Frank C. Wachsmith, as Administrator of the Estate of Donald F. Wachsmith, Deceased, Respondent, et al., Plaintiff, v. John V. Myers et al., Appellants.— Judgment affirmed, with costs to the respondent. Concur — Botein, P. J., McNally, Stevens and Eager, JJ.; Valente, J., dissents in the following memorandum. I dissent and would reverse the judgment and grant a new trial. Section 58-a of the Vehicle and Traffic Law provides that "No motor vehicle shall be parked and left standing on the paved portion of any state highway, * * * outside of cities and incorporated villages, except in an emergency". The trial court correctly charged the jury that if they found that plaintiff's intestate had so parked his car "deliberately and wilfully" and "in the absence of any emergency", that would be a violation of the statute which would bar a recovery of the plaintiff. The evidence in this case was clear that the motor vehicle operated by plaintiff's intestate was parked at the time of the accident on the paved portion of the Hutchinson River Parkway in Westchester County. However, the record is barren of any testimony as to any emergency that would have excused such parking. (See *Miller* v. *Hine,* 281 App. Div. 387, 393.) The jury was neither instructed as to the party on whom the burden rested to establish the existence or absence of an emergency nor what they could properly consider to be an emergency. An unexcused omission to comply with a statute is negligence in itself (*Martin* v. *Herzog,* 228 N. Y. 164), and would bar recovery by plaintiff for contributing to the cause of the accident. The cases in our State that touch on this question indicate that the burden of establishing an emergency is on the person charged with the negligence. In this case that would be the

deceased. (*Miller* v. *Hine, supra*; *Martin* v. *Herzog, supra.*) In any event, it would appear to be the logical rule and is the rule in other States. (See *Satterlee* v. *Orange Glenn School Dist.*, 29 Cal. 2d 581; *McDonald* v. *Appleyard*, 94 N. H. 362; Blashfield, Cyclopedia of Automobile Law & Practice [Perm. ed.], § 6113, p. 82, n. 40; 131 A. L. R. 562, 603.) Under the circumstances, the verdict in this case is contrary to the weight of evidence in its implicit finding that the plaintiff's intestate was not guilty of contributory negligence in the unlawful parking of his car which was one of the proximate causes of the accident.